DECISION.
{¶ 1} This case presents an opportunity to clarify for the trial courts of this district the proper method of notifying a defendant of the possibility of post-release control, and of the possibility that a violation of the control conditions might result in additional prison time. We hold that the trial court met the requirements in this case. The sentence must be partially vacated, however, because of an absence of findings to support consecutive sentences.
I. The Indictments
{¶ 2} The state filed three indictments against appellant Jeanette Brown. In the first indictment, numbered B-109327, Brown was charged with two counts of forgery that involved presenting to a local bank two withdrawal slips that she knew had been forged. Brown pleaded guilty to one of the counts, a fifth-degree felony, and the other was dismissed. The trial court accepted her plea and imposed a one-year prison term.
{¶ 3} In the second indictment, numbered B-0200147, Brown was charged with three counts of theft and three counts of forgery. The theft counts involved presenting checks to three different banks that were not drawn on any account owned by her. The forgery counts involved forging signatures of nine different persons on personal checks she presented for payment. Brown pleaded guilty to the three theft counts, and the three forgery counts were dismissed. Two of the three theft counts were fourth-degree felonies. The remaining theft count was a fifth-degree felony. The trial court accepted the plea and sentenced Brown to consecutive prison sentences of one year on the fifth-degree-felony-theft count and one year and six months on each of the remaining two counts.
{¶ 4} In the third indictment, numbered B-0106537, Brown was charged with one count of misuse of credit cards, one count of possessing criminal tools, and one count of receiving stolen property. This case involved the nonconsensual use of another person's credit card, wrongful possession of someone else's identification to secure a wire transfer, and possession of stolen and counterfeit checks. Brown pleaded guilty to the misuse-of-credit-card and receiving-stolen-property charges, both fifth-degree felonies, and the state dismissed the remaining charge. The trial court accepted the plea and imposed consecutive one-year sentences.
{¶ 5} The trial court also determined that the consecutive sentences imposed in each case also were to be consecutive to the sentences imposed in the others. Thus, the trial court sentenced Brown to a total of seven years in prison.
II. The Appeal
{¶ 6} Brown appealed all three of her convictions. This court consolidated her appeals under Case No. C-020162. In her appeal, Brown raises five assignments of error. In her first four assignments, she challenges the trial court's sentences. She claims that the trial court erred by (1) imposing the maximum sentence without making the necessary findings, (2) imposing consecutive sentences without making the necessary findings, (3) failing to consider rehabilitation as a factor, and (4) failing to notify her that she was subject to post-release control and increased prison terms. In her fifth assignment, Brown contends that the trial court failed to comply with Crim.R. 11.
A. Crim.R. 11 Colloquy
{¶ 7} We address Brown's last assignment first. She relies onState v. Caudill,[1] for the proposition that the trial court's Crim.R. 11 colloquy was insufficient because Brown's responses were perfunctory. In State v. Caudill, unlike the instant case, the trial court failed to personally inform the defendant what rights were waived by a no-contest plea and to determine whether he understood that he was waiving those rights. Instead, the trial court relied on a statement by defendant's counsel that the defendant had been advised of his constitutional rights and the possible penalties involved and a statement written by the defendant that was read by his counsel. In this case, the record reveals that, although Brown tersely replied to the trial court's statements, the trial court's colloquy complied with the Crim.R. 11 requirements. We overrule Brown's fifth assignment.
B. Imposition of Maximum Sentences
{¶ 8} In her first assignment, Brown argues that the trial court failed to make the requisite findings for imposing the maximum sentence for each offense. SheBrown relies on R.C. 2929.19(B)(2)(d) and 2929.14(C). In pertinent part, R.C. 2929.14(C) prohibits the imposition of a maximum sentence except where a felony offender has committed the worst forms of the offense or poses the greatest likelihood of recidivism. R.C.2929.19(B)(2)(d) requires the trial court to make a finding that gives its reasons for selecting the imposed sentence if the sentence is for one offense and the maximum sentence is imposed. This provision is also applicable to separate, multiple offenses arising out of different incidents.[2] The trial court concluded that Brown posed the greatest likelihood of recidivism. The trial court recited Brown's criminal history and stated that criminal activity was rampant. It noted that she was on post-release control at the time of the offenses. It concluded that she posed the greatest likelihood of recidivism. We conclude that the trial court complied with the statutory requirements for imposing maximum sentences. Because the trial court properly addressed Brown's likelihood of recidivism, we need not address whether it properly concluded that Brown had committed the worst forms of the offense.
C. Imposition of Consecutive Sentences
{¶ 9} In her second assignment, Brown challenges the imposition of consecutive sentences under R.C. 2929.14(E)(4), claiming that the trial court failed to make the required findings and to provide its reasons for imposing consecutive sentences. A trial court may order multiple sentences to run consecutively where it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he or she poses to the public.[3] The trial court must also find at least one of the following: (1) when the offender committed the multiple offenses, he or she was awaiting trial or sentencing or was under post-release control, (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct, (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[4]
{¶ 10} The trial court found that consecutive sentences were necessary to protect the public and to punish Brown. It also found that she was under post-release control and that her criminal history was such that the public needed to be protected. It stated its reasons supporting its findings on the record. Unfortunately, the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of Brown's conduct and to the danger she posed to the public.
{¶ 11} We note that the record fails to include a felony-sentencing worksheet. But a completed, unsigned felony-sentencing worksheet is contained in a file that is not part of the record and that also contains the presentence-investigation reports. We cannot determine who completed the worksheet. Because the worksheet is not journalized, we cannot consider it. Thus, we sustain Brown's second assignment.
D. Consideration of Treatment
{¶ 12} In Brown's third assignment, she argues that the trial court's decision not to consider a drug treatment program for her violated R.C. 2929.11(A), which states that, in order to protect the public and punish the offender, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Brown's assignment is meritless. With Brown's history of fraudulent criminal activity, the trial judge'scourt's comment that he would never consider "River City" for Brown was not an ineffective way to comply with the purposes of felony sentencing under R.C. 2929.11. We view the comment as merely meaning that treatment was inappropriate, not that it had not been considered. We overrule Brown's third assignment.
E. Post-Release Control
{¶ 13} In her fourth assignment, Brown contends that the trial court failed to notify her at sentencing that she was subject to post-release control and increased prison terms. She is not challenging the voluntariness of her plea agreement based on the alleged failure to comply with post-release-control notifications. She, instead, seeks to have us strike post-release control as a term of her sentence.
{¶ 14} R.C. 2929.19(B)(3)(d) requires that a sentencing court mustnotify the defendant that he or she may be supervised under R.C. 2967.28
after leaving prison if it imposes a prison term for a fourth- or fifth-degree felony that does not involve either a sex offense or an offense of physical harm or a threat of physical harm. R.C.2929.19(B)(3)(e) mandates that the sentencing court also notify the defendant that if a period of supervision is imposed and the defendant violates that supervision, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
{¶ 15} As applied to the fourth- and fifth-degree felonies at issue in this case, R.C. 2967.28(C) provides that the defendant's prison sentence must include "a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender." Under R.C. 2967.28(F)(3), iIf the parole board imposes a prison term as a post-release-control sanction, the term "shall not exceed nine months, and the maximum cumulative prison term for all violations * * * shall not exceed one-half of the stated prison term originally imposed upon the offender as part of his sentence."[5]
{¶ 16} Under these provisions, while the imposition of post-release control is discretionary (by the Adult Parole Authority [APA]), "post-release control is part of the original judicially imposed sentence."[6] Under the current statutory scheme, "the court imposes the full sentence and the APA determines whether violations merit its imposition. The offender is fully informed at sentencing that violations of post-release control will result in, essentially, `time and a half.'"[7] While whether to impose post-release control was discretionary in this case, the notifications were mandatory.
1. First District Decisions
{¶ 17} This court, as well as others, has grappled with the problem of what constitutes sufficient notice under R.C. 2929.19(B)(3). InState v. Lattimore,[8] we discussed the requirements of R.C.2929.19(B)(3)(d) and (e) in the context of sentencing an offender for a fifth-degree felony following a guilty verdict. We noted that the trial court failed at the sentencing hearing to notify the defendant verbally
of the possibility of post-release control and the consequences of violating any imposed post-release supervision or control. We concluded that a mere notation on a sentencing entry that a defendant was subject to post-release control under R.C. 2967.28 was insufficient notification. This is especially true in this jurisdiction because the defendant never sees the judgment entry.
{¶ 18} Subsequently, we decided State v. McAninch.[9] That case involved a guilty plea to several fourth-degree felonies. We concluded that "[w]hen the record does not reflect that the court notified the defendant verbally [that post-release control would be part of his sentence], and other court documents stating this provision are not endorsed by the defendant, there is insufficient evidence that the defendant was properly advised as required."
{¶ 19} In State v. Clark,[10] the defendant pleaded guilty to third-degree felonies and fifth-degree felonies. On appeal, he contended that the trial court had failed to notify him of the post-release-control requirements under R.C. 2929.19(B)(3). We concluded, "[T]he notice requirement is fulfilled where the record clearly indicates that the defendant was advised of discretionary post-release control both in his signed plea form and in his sentencing entry."[11] We misspoke. A sentencing entry not seen by the defendant cannot be a notification.
{¶ 20} In our most recent decision, State v. Dejanette,[12] a jury found the defendant guilty of first- and second-degree felonies. On appeal, he argued that the trial court had failed to inform him of the possibility of post-release control and the consequences of violating any imposed post-release control. (We note that under R.C. 2929.19(B)(3)(c) an offender who is sentenced for a first- or second-degree felony will be supervised under R.C. 2967.28 the post-release control is mandatory, not discretionary, and post-release control is for five years for a first-degree felony and for three years for any second-degree felony that is not a sex offense.[13]) We concluded that because the trial court failed to verbally notify the defendant of post-release control at his sentencing hearing, the sentence had to be vacated and the case remanded for proper notification. Clark, insofar as it relied on the sentencing entry, was overruled sub silento, but we specifically overrule it today.
2. Other Ohio Appellate Courts' Decisions
{¶ 21} We are aware that Ohio courts are inconsistent in determining what constitutes proper notification under R.C. 2929.19(B)(3). The Fifth Appellate District applies a strict standard. In State v.Byler,[14] it concluded that informing the defendant of the post-release control provisions in a plea form and the judgment entry of sentence was not enough. The trial court actually had to state the applicable post-release-control provisions at the sentencing hearing. The Eighth Appellate District has also "consistently held that the absence of verbal notice at the sentencing hearing runs afoul of the post-release control notice requirements and results in prejudicial error."[15] It has held the same concerning the failure to provide the information at a plea hearing.[16] In State v. Jones,[17] the Eighth Appellate District determined that post-release-control notification was insufficient where, at the plea hearing, the trial court had asked whether the defendant understood that if he were sentenced to prison he could be subject to post-release control. It concluded the failure to offer "any exposition of post-control sanctions" prevented the defendant from understanding his plea.
{¶ 22} The Twelfth Appellate District has held that where a plea agreement provided accurate information concerning post-release control, but the trial court provided inaccurate information at the plea hearing and the sentencing hearing, and in the judgment entry of sentencing, the defendant had not been properly notified. The appellate court concluded that, although the trial court had `"technically' complied with its statutory obligation, `[s]ince the period of post-release control is part of the judicially imposed sentence, it follows that the trial court must correctly notify the offender of the maximum duration of post-release control that is part of his sentence."' Two months later, the Twelfth District concluded that the trial court had sufficiently informed an offender that post-release control was part of his sentence and that he could be placed on post-release control, although the trial court had wrongly informed him that the five years' post-release control was discretionary, not mandatory, for the offense to which the defendant had pleaded guilty.[18] The appellate court also relied on the fact that the record revealed that the defendant had discussed the plea with counsel and had signed a plea agreement providing a detailed explanation of post-release control.
{¶ 23} The Tenth Appellate District has concluded that proper notification under R.C. 2929.19(B)(3)(c) and (e) occurred when the defendant signed a plea agreement with a complete explanation of post-release control, the state informed the court in the presence of the defendant that the defendant was aware of the mandatory three-year supervision for his offense, the trial court asked the defendant if he had any questions about the plea, and the defendant subsequently signed another form that explained post-release control.[19]
{¶ 24} The Second Appellate District has concluded that oral notification was unnecessary to comply with R.C. 2929.19(B)(3)(c) and (e) at sentencing, following a guilty plea.[20] It held instead that the defendant had been adequately advised about post-release control because his signed plea form "contained information about the terms of his post release control and the potential penalty for violating it" and the "sentencing/termination entry contained information about post release control."[21]
{¶ 25} The Third Appellate District has also concluded that verbal notification was unnecessary to comply with R.C. 2929.19(B)(3). It determined that a sentencing entry served on the defendant a few days after sentencing was sufficiently analogous to the plea form and sentencing entry relied on in Woods v. Telb to pass muster on the post-release-control notification requirements.
3. Ohio Supreme Court Decision
{¶ 26} In Woods v. Telb,[22] the Ohio Supreme Court determined whether R.C. 2967.28 violated the separation-of-powers doctrine or the Due Process Clause of the United States or Ohio Constitution. It concluded that the statute did not. It also determined that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence."[23] It concluded that there was no violation of the separation-of-powers doctrine because the defendant "was advised of discretionary post-release control both in his signed plea form and in his sentencing entry."[24] What we can glean from the facts of Woods v. Telb is that the guilty-plea form was executed in open court.[25]
4. Notification Requires a Verbal Exchange
{¶ 27} R.C. 2929.19(B)(3) requires that the trial court notify an offender of the possibility of post-release supervision and the consequences of violating any imposed supervision. Black's Law Dictionary defines "notify" as "[t]o inform (a person or group) in writing or by any method that is understood."[26] For purposes of R.C. 2929.19(B), the notification must be provided at sentencing or at the plea hearing.[27]
A notice written on a sentencing entry merely stating that the defendant is subject to post-release control under R.C. 2967.28 is insufficient notice. That is because, at least in this county, the defendant does not see the journal entry of the sentence either at the sentencing hearing or at the plea hearing. How could a defendant possibly be notified by a paper he or she has never seen?
{¶ 28} The plea form, however, is seen by — and signed by — the the defendant, and is even signed by him or her. One of the plea-form provisions states that the defendant has read the form. The form also provides that a defendant may have post-release control of up to three years after release from prison if the offense is not a first-degree felony or a sex offense. It also states that violations of post-release-control conditions could result in imprisonment for up to nine months for each violation, for a total of half of the stated prison term.
{¶ 29} We have reviewed our cases and the cases decided by other Ohio courts and conclude that, while it may not be necessary for the trial court to repeat the language concerning post-release control found in R.C. 2929.19(B)(3) where an adequately informative plea agreement has been endorsed by a defendant, the trial court must engage in some dialogue to ensure that the defendant understands that the applicable post-release control may or will be imposed and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the post-release control is violated. Thus, the notification requirements under R.C. 2929.19(B)(3) are properly met in a situation involving a plea agreement if (1) the plea agreement, as endorsed, contains language informing the defendant that he or she may or will be subject to a specific period of post-release control (depending on the degree and type of felony involved) and that he or she may be imprisoned for one-half of the stated prison term originally imposed for violating the post-release control, and (2) the trial court engages in some verbally addresses dialogue with the defendant to ensure that he understands what is contained in the plea agreement concerning post-release control and the consequences offor violating it.
{¶ 30} In this manner, it is the trial court and not defense counsel that is notifying a defendant that post-release control is part of the defendant's sentence, as required by the syllabus law of Woods v.Telb. R.C. 2943.032(E), a statute with which the trial court must substantially comply when accepting a guilty plea, also supports this conclusion.[28] It requires the trial court, when accepting a plea, to inform the defendant personally that if the defendant enters a plea and the court imposes a prison term, and "[i]f the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." (We note that there is some question about the constitutionality of all or some of R.C. 2943.032.[29])
{¶ 31} We conclude that the trial court properly notified Brown in this case. We overrule her fourth assignment.
IV. Conclusion
{¶ 32} Accordingly, we sustain the assignments of error raised in the appeals numbered C-020162, C-020163, and C-020164, to the extent that they challenge the imposition of consecutive prison terms. We overrule the assignments of error challenging the trial court's imposition of the maximum sentence on each count in each case, its acceptance of Brown's guilty pleas, and its compliance with R.C. 2929.11(A) and 2929.19(B)(3).
{¶ 33} Thus, we vacate the sentences to the extent that they were made consecutive and remand the cases to the trial court with instructions that the trial court state on the record the required findings and reasons for the imposition of consecutive sentences. In all other respects, we affirm the judgments of the trial court.
{¶ 34} Sentences vacated in part and causes remanded.
Painter, P.J., Doan and Sundermann, JJ., concur.
Please Note:
The court has recorded its own entry on the date of the release of this decision.
[1] State v. Caudill (1976), 48 Ohio St.2d 342, 358 N.E.2d 601.
[2] See State v. Beard (Sept. 5, 2000), 12th Dist. No. CA2000-02-012.
[3] See R.C. 2929.14(E)(4).
[4] See id.
[5] R.C. 2967.28(F)(3)
[6] See Woods v. Telb, 89 Ohio St.3d 504, 511, 2000-Ohio-171, 733 N.E.2d 1103.
[7] See id.
[8] See State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723.
[9] See State v. McAninch, 1st Dist. No. C-010456, 2002-Ohio-2347.
[10] See State v. Clark, 1st Dist. No. C-010532, 2002-Ohio-3135.
[11] See id. at ¶ 15.
[12] See State v. Dejeanette, 1st Dist. No. C-010693, 2002-Ohio-4802.
[13] See R.C. 2967.28(B)(1) and (2).
[14] See State v. Byler, 5th Dist. No. 01CA30, 2002-Ohio-4055, ¶ 46.
[15] See State v. Bryant, 8th Dist. No. 79841, 2002-Ohio-2136, ¶ 60.
[16] See State v. Jordan, 8th Dist. No. 80675, 2002-Ohio-4587, ¶ 15.
[17] See State v. Jones (May 24, 2001), 8th Dist. No. 77657.
[18] See State v. Scruggs (Apr. 30, 2001), 12th Dist. No. CA2000-05-094.
[19] See State v. Duncan (Apr. 2, 1998), 10th Dist. No. 97AP08-1044.
[20] See State v. Williams, 2nd Dist. No. 18993, 2002-Ohio-2695, ¶ 16.
[21] See id.
[22] See Woods v. Telb, supra.
[23] See id. at 504, paragraph two of the syllabus.
[24] See id. at 513.
[25] See id. at 504.
[26] See Black's law Dictionary (7Ed. 1999) 1090.
[27] See Woods v. Telb, 89 Ohio St.3d at 504, paragraph two of the syllabus.
[28] See State v. Griffin (July 24, 1998), 1st Dist. Nos. C-970507 and C-970527.
[29] See State v. Honzu, 11th Dist. No. 2001-T-0005, 2002-Ohio-1165;State v. Mallet (Nov. 15, 2001), 8th Dist. No. 79306; State v. Feagin
(Mar. 19, 2001), 5th Dist. No. 00CA43 (R.C. 2943.032[A] through [D] may no longer be constitutional).